**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-1474**

---

CORNELIO LARA-RUIZ,

          Petitioner,

     v.

ERIC H. HOLDER, JR., United States Attorney General,

          Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: December 18, 2014     Decided: January 12, 2015

---

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Jaime Jasso, LAW OFFICES OF JAIME JASSO, Westlake Village, California, for Petitioner. Joyce R. Branda, Acting Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Dana M. Camilleri, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelio Lara-Ruiz, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") order denying his motion to reconsider the denial of his motion to reopen. We deny the petition for review.

A motion to reconsider must specify the errors of law or fact in the IJ's prior decision. See 8 U.S.C. § 1229a(c)(6)(c) (2012); 8 C.F.R. § 1003.23(b)(2) (2014). We review the denial of a motion for reconsideration for abuse of discretion. Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). We will reverse the Board's decision only if it is arbitrary, irrational, or contrary to law. Narine, 559 F.3d at 249. "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2012).

We conclude that the Board did not abuse its discretion agreeing with the IJ that Lara-Ruiz's motion to reopen was untimely. Lara-Ruiz's challenge to the finding that he did not comply with the requirements under Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1998) fell short of showing that he was entitled to have the ninety-day period for reopening equitably tolled. See Kuusk v. Holder, 732 F.3d 302, 305 (4th Cir. 2013)

2

(petitioner must show why it was impossible to file the motion on time); see also Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2005); Patel v. Gonzales, 442 F.3d 1011, 1016 (7th Cir. 2006). We note that Lara-Ruiz fails to argue that he was entitled to equitable tolling for reasons other than having complied with Lozada. See Suarez-Valenzuela v. Holder, 714 F.3d 241, 248-49 (4th Cir. 2013) (issues not raised in the argument section of the opening brief are abandoned).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3